**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Derrick Timothy Davis, | ) | |
| | ) | Civil Action No. 2:20-cv-097-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan P. Stirling, Dennis Patterson, | ) | |
| Ms. S. Jackson, Ms. Candi Cannon, | ) | |
| Jerry B. Adger, and Tommy Evans, Jr. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32) recommending the Court summarily dismiss Plaintiff's Complaint without prejudice and without issuance and service of process and that the dismissal count as a strike. For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

In 2016, Plaintiff was sentenced to a term of imprisonment for five years for each of the following offenses: two counts of burglary in the second degree and one count grand larceny. (Dkt. No. 6 at 5). One of the burglaries runs concurrently with the grand larceny sentence. (*Id.*) The other burglary sentence is consecutive. (*Id.*) In his original Complaint, Plaintiff alleges that while his aggregate jail time is ten years, his parole eligibility and max-out date should have been calculated based on a five-year sentence. Due to this error, Plaintiff claims that he has been held in prison for an unlawful amount of time. (Dkt. No. 1 at 6-8). He also seeks monetary damages up to $170,000.00.

On January 31, 2020, the Magistrate Judge issued an Order instructing Plaintiff that his original complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted and that his claim for damages was barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1991). (Dkt. No. 7). The Magistrate Judge gave Plaintiff an opportunity to amend the complaint and cure the deficiencies. Plaintiff filed an Amended Complaint on February 27, 2020 alleging that he was being held beyond his sentence because his parole eligibility and max-out date were improperly calculated. (Dkt. No. 12). Plaintiff sought $170,000.00 in damages and release or redetermination of his parole eligibility or max-out date. (*Id.* at 6). The Magistrate Judge issued an Order on April 24, 2020 reiterating that Plaintiff's amended complaint was subject to summary dismissal pursuant to *Heck v. Humphrey*, and giving Plaintiff an opportunity to cure the deficiencies. (Dkt. No. 17). Plaintiff filed a Second Amended Complaint alleging the same miscalculation of his parole eligibility and max-out date. (Dkt. No. 23). In addition, in the second amended complaint, Plaintiff seeks compensatory damages between $100,000.00 and $170,000.00 and requests release or redetermination of his parole eligibility and max out date. (*Id.*)

On September 2, 2020, the Magistrate Judge issued an R & R recommending the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process, and that the dismissal count as a strike. (Dkt. No. 32). On September 21, 2020, Plaintiff filed Objections to the R & R. (Dkt. No. 38). The matter is ripe for the Court's review.[1]

---

[1] Plaintiff filed two separate actions alleging the same miscalculation of his parole eligibility and max-out date. *See* C/A No. 2:20-cv-097-RMG and C/A No. 2:20-cv-0653-RMG-MGB. The cases were consolidated under a single civil action number located at C/A No. 2:20-cv-097-RMG and 2:20-cv-0653 was closed. (Dkt. No. 17 at 2); FED. R. CIV. P. 42(a)(2)

## II.      Legal Standard

### A.      Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. FED. R. CIV. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections to the R & R and the case is reviewed *de novo*.

### B.      *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

C.   **Failure to State a Claim**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### III.    Discussion

After a thorough review of the second amended complaint, the R & R, and Plaintiff's objections to the R & R, the Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's second amended complaint should be dismissed. Plaintiff attempts to bring a damages suit over an alleged error in the execution of his sentence. The United States Supreme Court instructs that in order to recover damages for an allegedly unconstitutional imprisonment, "[pursuant to 42 U.S.C.] § 1983 [a] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. *Heck* also instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court is to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Magistrate Judge correctly determined that in this case, Plaintiff challenges the length of his confinement and that a finding in his favor would imply he has been held past the lawful limit of his sentence. Further, Plaintiff has not alleged or shown that the duration of his confinement has been invalidated in one of the ways identified in *Heck*. In prior orders, the Magistrate Judge indicated to Plaintiff that *Heck* bars a prisoner's § 1983 suit seeking damages for alleged sentence miscalculation that resulted in prison overstay. (Dkt. No. 7; Dkt. No. 17).

As to Plaintiff's request for release or redetermination of his parole eligibility and max-out date, the Magistrate Judge appropriately reiterated that *Heck* instructs that "habeas corpus is

the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *see Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1726 (2020) (holding that an *in forma pauperis* action that fails to state a claim upon which relief can be granted may be dismissed without prejudice but still qualify as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)). As such, Plaintiff's second amended complaint is dismissed for failure to state a claim upon which relief may be granted.

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 32) as the Order of the Court and **DISMISSES** Plaintiff's second amended complaint without issuance and service of process, and the dismissal counts as a strike.

**AND IT IS SO ORDERED.**

                                     s/Richard Mark Gergel
                                     Richard Mark Gergel
                                     United States District Judge

October 5, 2020
Charleston, South Carolina